MERRITT, Circuit Judge,
concurring.
I agree with the court’s opinion but write to make what may be an obvious point that the result is fair between the parties and would be the result at common law without bringing the Uniform Commercial Code into the picture.
Though on the surface it may seem unfair to penalize White and Wenrick by taking back the money, in reality their business was with Chari, not with Dayton Title, and they would never have had this money in the first place had they been dealing with Chari directly. Similarly, if Dayton Title had simply indorsed the check to White and Wenrick without the bank’s intervention, then White and Wen-rick would have had nothing but a worthless check. So there is no unfairness when White and Wenrick are required to return money they would not have received in the absence of the bank deposit and the way bank deposits are treated by the commercial check-deposit law.
If any party besides Chari is to blame, one might blame the bank, which could have prevented this mess by refusing to extend to Dayton Title the provisional credit and by waiting for Chari’s check to clear. But our commercial law, in order to facilitate commerce, gives bank customers instant access to deposits, and a victory for the defendants here would undermine that purpose.
The defendants think Dayton Title had only a legal interest in these funds because Chari intended to create a trust. But Chari intended nothing of the sort. He intended only to create a fraud. Dayton Title was able to transfer funds from its account to the defendants because the bank offered it a provisional credit, not because Chari put funds into the account. Moreover, the provisional credit was unencumbered by a lien, contrary to the defendants’ second theory of why the provisional credit does not qualify as property. *687 Under U.C.C. § 4-210, the bank has a lien on the check itself and its proceeds — which were nonexistent here — but not the provisional credit. The bank has avenues to collect the value of a provisional credit, such as charging back the customer’s account, but a lien on the provisional credit is not one of them. So I agree with the outcome of this case not simply because of a linguistic analysis of the interlocking state and federal statutes, but also because the result makes good sense as a matter of fairness between the parties and good commercial policy.